UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, | No. 2:16-cv-0348-JAM-KJN |
| Plaintiff, | |
| v. | ORDER |
| SUSANA BAPTISTA, | |
| Defendant. | |

INTRODUCTION

In this action initially filed on February 18, 2016, plaintiff Malibu Media, LLC alleges that defendant Susana Baptista infringed plaintiff's copyrights by using the BitTorrent File Distribution Network. (ECF No. 1.) After defendant failed to appear in the action, the Clerk of Court, upon plaintiff's request, entered defendant's default on December 20, 2016. (ECF No. 19.)

Presently pending before the court is plaintiff's motion for default judgment. (ECF No. 20.) On March 1, 2017, defendant appeared through counsel and filed an opposition to the motion for default judgment as well as a request to set aside the Clerk's entry of default. (ECF No. 26.) Plaintiff has not filed a reply or responded to defendant's request to set aside the default. For the reasons that follow, the court SETS ASIDE the Clerk's entry of default and DENIES WITHOUT PREJUDICE as moot plaintiff's motion for default judgment.

1

DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55(a) provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).[1]

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause...." The party seeking relief from the entry of default bears the burden of showing good cause to set aside the entry of default. See Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004). A court considers three factors in determining whether good cause exists: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereafter, "Mesle") (modification in original) (quoting Franchise Holding II, LLC, 375 F.3d at 925-26).

Under this disjunctively framed standard, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Mesle, 615 F.3d at 1091; Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1111 (9th Cir. 2011). However, a court may within its discretion grant relief from default even after finding one of the "good cause" factors to be true. See, e.g., Brandt, 653 F.3d at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, *but need*

---

[1] As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55"); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

1  *not*") (emphasis added).  "The court's discretion is especially broad where...it is entry of default
2  that is being set aside, rather than a default judgment."  O'Connor v. State of Nev., 27 F.3d 357,
3  364 (9th Cir. 1994).  The factors are more liberally applied with respect to a request to set aside
4  the entry of default, because "there is no interest in the finality of the judgment with which to
5  contend."  Mesle, 615 F.3d at 1091 n.1.

6  Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the
7  entry of default is necessarily informed by the well-established policies favoring resolution of
8  cases on their merits and generally disfavoring default judgments.  See Mesle, 615 F.3d at 1091
9  ("Crucially,...judgment by default is a drastic step appropriate only in extreme circumstances; a
10 case should, whenever possible, be decided on the merits") (citations and quotation marks
11 omitted); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a
12 general rule, default judgments are disfavored; cases should be decided upon their merits
13 whenever reasonably possible").  Moreover, the Ninth Circuit's "rules for determining when a
14 default should be set aside are solicitous towards movants, especially those whose actions leading
15 to the default were taken without the benefit of legal representation."  Mesle, 615 F.3d at 1089.

16 With the above principles in mind, the court proceeds to consider defendant's request to
17 set aside the clerk's entry of default.

18 <u>Culpable Conduct</u>

19 In this case, although defendant clearly failed to timely respond to plaintiff's complaint in
20 accordance with the Federal Rules of Civil Procedure, the court cannot conclude that defendant's
21 conduct was culpable under the standard set forth in Mesle.  In Mesle, the Ninth Circuit explained
22 that, at least where a defaulting defendant is not a lawyer and is unrepresented at the time of the
23 default,:

24 > [The] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer...As we have previously explained, in this context the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process...We have typically held that

3

> a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond...[I]t is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without demonstration that other equitable factors, such as prejudice, weigh heavily in favor of a denial of the motion to set aside a default.

Mesle, 615 F.3d at 1092-93 (citations and quotation marks omitted).

The Ninth Circuit indicated that a more stringent standard likely applies to legally sophisticated parties, who may be deemed culpable merely if they "received actual or constructive notice of the filing of the action and failed to answer." Mesle, 615 F.3d at 1093. The Ninth Circuit reasoned that "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." Id.; see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 690 (9th Cir. 1988) ("Here, it is apparent that Eclat, through its president, Mr. Bujkovsky, had actual notice of the summons and complaint...Mr. Bujkovsky, as a lawyer, presumably was well aware of the dangers of ignoring service of process").

Here, defendant admits that she initially received a demand letter from plaintiff's counsel, and was subsequently served with the summons and complaint, but claims that she believed the correspondence and documents to be a scam and not a real lawsuit. Defendant indicates that she has never been involved in a lawsuit before and was not familiar with court procedures. Defendant only consulted an attorney once she received notice of a hearing that was scheduled on plaintiff's motion for default judgment, and it was the attorney who then explained to her that she was named as a defendant in an actual lawsuit. Defendant apologizes for her failure to timely respond, and posits that it was not her intent to delay or interfere with the court's administration of the case. (See Affidavit of Susana Baptista, ECF No. 26-1.)

Given that defendant is not an attorney or an otherwise legally sophisticated party, and that defendant has provided a plausible explanation suggesting that her failure to timely respond was not the result of bad faith, the court finds that plaintiff has not engaged in culpable conduct that led to the default.[2]

---

[2] To be sure, pro se litigants, like all litigants, are required to comply with the Federal Rules of

Lack of a Meritorious Defense

Defendant adamantly denies downloading or sharing plaintiff's adult films. No discovery has yet been conducted at this early stage of the case, and the record is essentially undeveloped with respect to the merits of plaintiff's claims or defendant's potential defenses. At a minimum, the present record certainly does not affirmatively show the absence of a meritorious defense. As such, this factor does not counsel in favor of denying defendant's request to set aside the default.

Prejudice

"To be prejudicial, the setting aside of a judgment [or clerk's entry of default] must result in greater harm than simply delaying resolution of the case." Mesle, 615 F.3d at 1095. Here, there is no indication that plaintiff's ability to pursue its claim will be hindered by the delay in setting aside the Clerk's entry of default. Moreover, the delay involved here is a short one, because although plaintiff filed the action in February 2016, plaintiff sought multiple extensions of time to complete service and did not serve defendant until November 2016. (ECF No. 17.)

In sum, taking all of the factors into consideration, the court finds that defendant has shown good cause to set aside the Clerk's entry of default.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk's entry of default (ECF No. 19) is SET ASIDE.
2. Within 21 days of this order, defendant shall file her response to plaintiff's operative first amended complaint.

////

////

////

////

////

Civil Procedure, and may be subject to sanctions for failure to so comply. However, under Ninth Circuit law, defendant's actions in this case do not rise to the level of culpable conduct sufficient to impose the harsh sanction of a default judgment.

3. Plaintiff's motion for default judgment (ECF No. 20) is DENIED WITHOUT PREJUDICE as moot.

IT IS SO ORDERED.

Dated: March 17, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE